## 23537

In the Matter of M. Wallace SMITH, Respondent.

(412 S.E. (2d) 414)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle, Jr.* and *Samuel L. Wilkins,* Columbia, *for complainant.*

*Gary W. Poliakoff,* Spartanburg, *for respondent.*

Submitted Oct. 15, 1991.

Decided Dec. 16, 1991.

*Per Curiam:*

In this attorney grievance matter, respondent has conditionally admitted the allegations against him and consents to disbarment. We accept the admission and disbar respondent from the practice of law.

### *Adair Matter*

Respondent was contacted by Mr. Adair concerning an arrearage in Mr. Adair's mortgage payments on his home and a delinquent notice received from the United States Department of Housing and Urban Development (HUD), caused by his former wife's failure to make the mortgage payments. Mr. Adair borrowed $6,000 from his mother and the money was deposited into respondent's personal or general bank account but was not applied to the mortgage delinquency.

Some years later, Mr. Adair discovered a Notice of Foreclosure concerning his residence in the local newspaper which indicated the property would be sold at public auction. Mr. Adair's current wife contacted respondent regarding the notice and he remitted a check written on his trust account for $4,643.19 to the attorney handling the foreclosure for HUD.

After learning that respondent's account did not contain sufficient funds to cover the check, the HUD attorney contacted respondent and required a wire transfer of funds. Respondent paid off Mr. Adair's mortgage that same day by a wire transfer of funds to the HUD attorney.

### Cody Matter

Ms. Cody retained respondent to represent her concerning personal injuries she sustained while a hospital patient. Respondent filed a summons and complaint and approximately one year later, settled the matter for $32,500 and deposited the settlement check into his escrow account. The following day, respondent was issued a $25,000 check from his trust account for "Attorney's fee/Ruby M. Cody v. The Greenville Hospital System." Respondent has disbursed approximately $7162.69 to Ms. Cody in checks drawn on his trust account and, on at least two occasions, on his personal account. Respondent has failed to provide a complete accounting of the funds concerning the settlement of Ms. Cody's claims.

### Vaughn Matter

Respondent was retained by Ms. Vaughn to represent her and her two minor children in wrongful death and survival actions. Respondent negotiated a settlement of all the claims and a court order was filed which stated that Ms. Vaughn should receive $628.15 in her individual capacity and, in her capacity as representative of the estate of the deceased, should receive $2,856.97 for the survival action and $21,514.88 for the wrongful death action. Upon receipt of the settlement proceeds, respondent retained $7,500 for an attorney fee and transmitted $7,500 to Ms. Vaughn.

Later, respondent was advised by Ms. Vaughn that one of the minor children had reached the age of majority and the child desired the monies which respondent was allegedly holding in trust. Respondent wrote a check to the child for $6,344.67 on an escrow account. The check was returned for insufficient funds.

Respondents ultimately paid Ms. Vaughn the money to cover the returned check but has not provided a total and complete accounting for the money allegedly held in trust.

### Passmore Matters

Respondent was retained to represent Mark E. Passmore in connection with Mr. Passmore's sale of a percentage interest in a business to Derek Wormull. Mr. Wormull provided re-

spondent with a check for $10,000 to hold in escrow as provided by the sale agreement. The agreement for sale was contingent upon the buyer's receiving a correct and legal immigration visa for residence in the United States.

Mr. Wormull notified Mr. Passmore in writing, with a copy to respondent, that his visa had been denied. Mr. Wormull requested that respondent return his money but respondent has failed to do so or to provide an adequate accounting for the money.

Respondent also represented Mr. Passmore in connection with Mr. Passmore's sale of three motor vehicles to Peter Gould. In connection with the sale, Mr. Gould wired respondent $17,000 as the purchase price for the three cars, to be held in escrow for distribution in accordance with the sale agreement. Mr. Gould received only two of the three cars and a balance of $4,500 remained after shipment of the two cars.

Since that time, Mr. Gould has requested return of the money held in escrow but respondent has failed to return the money to Mr. Gould or to provide an adequate accounting for it.

### Smith Matter

Respondent was retained by Mr. Smith to represent him and his wife in purchasing real property and was paid approximately $1269. Respondent met with Mr. Smith and the sellers and drafted a deed to accomplish the transfer of property but the sellers refused to execute the deed. Respondent discussed litigation with Mr. Smith concerning the transaction and drafted a Complaint and a document entitled "Summons for Relief, Complaint Served," which he showed to Mr. Smith. The documents were never served or filed and respondent never obtained an executed deed for the purchase of the property.

### Bank Accounts Matter

Respondent maintained three accounts with United Carolina Bank and, during the time the accounts were open, approximately 100 checks were presented at a time when there were insufficient funds in the respective accounts to cover them.

· Respondent maintained one account with Palmetto Bank and during a seven month period approximately twenty checks were presented for payment when the account had in-

sufficient funds to cover them.

Respondent maintained three accounts with Branch Banking & Trust Company of South Carolina and, during the time the accounts were open, approximately sixty-eight checks were presented for payment when the respective accounts had insufficient funds to pay them.

Respondent has failed to preserve the identity of funds and property of a client; misappropriated a client's funds for his personal and/or business use; failed to maintain complete records of all funds, securities, and other properties of a client coming into his possession and to render appropriate accounts to his client's regarding them; failed to promptly pay or deliver to the client the funds, securities, or other properties in his possession which the client has requested and is entitled to receive; and has engaged in conduct tending to pollute the administration of justice, to bring the court and legal profession into disrepute, and which demonstrates his unfitness to practice law.

Respondent is disbarred from the practice of law. Within ten days of the date of this opinion he shall surrender his license to practice law to the Clerk of this Court. Further, within fifteen days of the date of this opinion, he shall file an affidavit with the Clerk showing he has fully complied with the provisions of Paragraph 30 of the Rule on Disciplinary Procedure, Rule 413, SCACR.

Disbarred.